UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAR BELL,

         **Plaintiff,**

    - against -

LOUIS J. DeSTEFANO, PH.D &
LAWRENCE SIEGEL, M.D.,

         **Defendants.**

MEMORANDUM
OPINION & ORDER
12-CV-2533 (ER) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Amar Bell ("Bell"), currently incarcerated at Clinton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was detained at the Westchester County Jail. In his Complaint, Bell names two doctors, Louis J. DeStefano, Ph.D. ("DeStefano"), and Lawrence Siegel, M.D.[1] ("Siegel"), as Defendants. Before the Court are: (1) Bell's failure to respond to DeStefano's motion to dismiss; and (2) Bell's request for the Court to appoint *pro bono* counsel. For the reasons that follow, Bell is ordered to respond to DeStefano's motion to dismiss; and Bell's application for the appointment of *pro bono* counsel is denied without prejudice.

### I. BELL'S RESPONSE TO THE MOTION TO DISMISS

On April 2, 2014, DeStefano, through counsel, responded to Bell's Amended Complaint by filing a motion to dismiss, along with a memorandum of law in support of the motion, and a declaration. (*See* Doc. Nos. 35-38.) To date, Bell has not responded to DeStefano's motion to dismiss. Therefore, the Court **ORDERS** that:

---

[1] Bell had originally named as a Defendant "Seigal, MD." After the Court issued a *Valentin* Order, the Westchester County Attorney provided the Court with Dr. Siegel's full name and service address. (*See* Doc. No. 31.)

(1) Bell must respond to DeStefano's motion no later than **July 7, 2014**; and

(2) DeStefano's reply papers, if any, shall be served no later than **July 14, 2014**.

Should Bell fail to respond to the motion to dismiss, the Court will consider the issue fully briefed and will decide the motion to dismiss based on DeStefano's motion alone.

### III. BELL'S APPLICATION FOR THE COURT TO REQUEST *PRO BONO* COUNSEL

On May 30, 2014, Bell filed an application for the Court to request *pro bono* counsel. Bell states that he requires an attorney "for discovery purposes." (Doc. No. 43.) He does not provide any details or additional information.

The Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(d). The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Courts do not perform a service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention." *Cooper*, 877 F.2d at 174.

After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the

complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Hodge*, 802 F.2d at 61-62.

Here, Bell satisfies the threshold requirement of indigence insofar as his *in forma pauperis* status establishes his inability to afford counsel. It is unclear whether Bell satisfies the second requirement for a meritorious claim. DeStefano's motion to dismiss is pending and, as explained above, Bell has not yet filed a response. Siegel has not yet filed a response to Bell's Second Amended Complaint. Because it is impossible for the Court to determine at this early stage of the case whether Bell's case has merit, Bell's application for the Court to request *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED this 16th day of June 2014**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**