UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMAR BELL,

                      Plaintiff,

    – against –

LOUIS J. DeSTEFANO, Ph.D., &
LAWRENCE SIEGEL, M.D.,

                      Defendants.

**OPINION AND ORDER**

12 Civ. 2533 (ER)

---

RAMOS, D.J.:

    *Pro se* Plaintiff Amar Bell ("Plaintiff" or "Bell") brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was detained at the Westchester County Jail.  Before the Court is the Report and Recommendation ("R&R") dated December 17, 2014 of Magistrate Judge Ronald L. Ellis, to whom this matter was referred for judicial review of Plaintiff's motion for summary judgment and Defendants Louis J. DeStefano's and Lawrence Siegel's motions to dismiss.  In the R&R, Judge Ellis recommends that Bell's motion for summary judgment be denied and Defendants' motions to dismiss be granted, and that Plaintiff be granted leave to file a third amended complaint.  For the reasons stated herein, the Court ADOPTS the R&R.

**I.  Background**

    On April 2, 2012, Bell commenced this action against two doctors, Louis J. DeStefano, Ph.D. ("DeStefano") and Lawrence Siegel, M.D. ("Siegel").  Doc. 2.  On October 17, 2013, Plaintiff filed an Amended Complaint, but did not add any new facts or claims.  Doc. 27.  On

March 13, 2014, Bell filed a Second Amended Complaint, but again, did not add any new allegations.  Doc. 34.  DeStefano filed a motion to dismiss on April 2, 2014.  Doc. 35.  Bell filed a motion for summary judgment on August 1, 2014.  Doc. 54.  On August 6, 2014, Siegel filed a motion to dismiss.  Doc. 57.

On December 17, 2014, Judge Ellis issued his R&R, recommending that Bell's motion for summary judgment be denied, that Defendants' motions to dismiss be granted, and that Plaintiff be granted leave to file a third amended complaint.  Doc. 72.  Specifically, he found that there were several disputed issues of fact precluding summary judgment, and that Bell's pleadings did not meet deliberate indifference standard for establishing an Eighth Amendment violation.  *Id.* at 3, 5.

The R&R noted that objections, if any, would be due by January 2, 2015 and that failure to timely object would preclude later appellate review of any order of judgment entered.  *Id*. at 7.  Neither the Plaintiff nor the Defendants filed objections.  They have therefore waived their right to object to the R&R.  *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir.2008)).

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C);

*see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir.1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. Conclusion

No party has objected to the R&R.  The Court has reviewed Judge Ellis's thorough R&R and finds no error, clear or otherwise.  Judge Ellis reached his determination after a careful review of the parties' submissions.  Doc. 72 at 3-6.  The Court therefore ADOPTS Judge Ellis's recommended decision regarding the motion for summary judgment and the motions to dismiss for the reasons stated in the R&R.

Plaintiff's third amended complaint will be due **March 30, 2015**.  The Clerk of the Court is respectfully directed to terminate the motions, Doc. 35, 54, 57, and mail a copy of this Order to Plaintiff.

The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997)).

It is SO ORDERED.

Dated: January 28, 2015
      New York, New York

_____
Edgardo Ramos, U.S.D.J.